Thomas J. Romano, OSB No. 053661
Email: tj@kolitchromano.com
KOLITCH ROMANO LLP
520 SW Yamhill Street, Suite 200
Portland, Oregon 97204
Telephone: (503) 994-1650

*Attorney for Plaintiffs*
*Josh Warner and Good Art Hlywd, Inc.*

# UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| **JOSH WARNER**, a California individual, and **GOOD ART HLYWD, INC.**, a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>**JERRY SHOVER**, an Oregon individual, and **HAWTHORNE ANTIQUE PROMENADE INC.**, an Oregon corporation, collectively d/b/a **GOLD DOOR** and **GOLD DOOR JEWELRY AND ART**,<br><br>Defendants. | Case No. 3:20-cv-00476<br><br>**COMPLAINT FOR TRADEMARK AND COPYRIGHT INFRINGEMENT AND CMI VIOLATIONS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Josh Warner and Good Art Hlywd, Inc. ("Plaintiffs"), for their Complaint against Defendants, Jerry Shover and Hawthorne Antique Promenade Inc. d/b/a GOLD DOOR and GOLD DOOR JEWELRY AND ART (collectively "Defendants" or "Gold Door"), allege and state upon information and belief as follows:

Page 1 –   COMPLAINT
            CASE NO. 3:20-CV-00476

## NATURE OF THE ACTION

1. This is an action for trademark counterfeiting, trademark infringement, and unfair competition under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*, for copyright infringement under the Copyright Act of 1976, 17 U.S.C. §§ 101, *et seq.*, and for copyright management information ("CMI") violations under the Digital Millennium Copyright Act, 17 U.S.C. §§ 1202, *et seq*. The claims arise out of Defendants' actions with respect to a certain design owned, sold and copyrighted by Plaintiff Josh Warner and his company Good Art Hlywd, Inc., which Plaintiffs market under a certain registered and unregistered trademarks owned by Plaintiff Josh Warner, as more fully described herein.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 15 U.S.C. § 1121, and under 28 U.S.C. §§ 1331 and 1338. Subject matter jurisdiction over any related state or common law claims is proper pursuant to 28 U.S.C. §§ 1338 and 1367.

3. This Court has personal jurisdiction over Defendants because Defendant Jerry Shover is a resident of the State of Oregon, and Defendant Hawthorne Antique Promenade Inc. is organized in and maintains its principal place of business in the State of Oregon.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) and 28 U.S.C. § 1400(a) because Defendants reside in this District, and because a substantial part of the acts or omissions giving rise to Plaintiffs claims occurred in this District.

## THE PARTIES

5. Plaintiff Josh Warner is an adult individual and resident of the State of California. Josh Warner is the founder and president of Good Art Hlywd, Inc., a corporation organized and existing under the laws of the State of California, which maintains its principal place of business

at 1014 Venice Blvd., Los Angeles, California 90015. Josh Warner offers his marked goods directly himself and through Good Art Hlywd, Inc., by license.

6. Defendant Jerry Shover is an adult individual and resident of the State of Oregon. Jerry Shover is the owner and president of Defendant Hawthorne Antique Promenade Inc., a corporation organized and existing under the laws of the State of Oregon. "GOLD DOOR" and "GOLD DOOR JEWELRY AND ART" are assumed business names registered by Hawthorne Antique Promenade Inc. with the Oregon Secretary of State. Defendants' principal place of business and brick-and-mortar retail store is located at 1434 SE 37th Avenue, Portland, Oregon 97214. Defendant Hawthorne Antique Promenade Inc.'s registered agent for service of process is Jerry Shover at 1434 SE 37th Avenue, Portland, Oregon 97214.

## PLAINTIFF'S BACKGROUND AND INTELLECTUAL PROPERTY

7. Plaintiff Josh Warner through his company Good Art Hlywd, Inc. (collectively "Good Art") is engaged in the business of creating, manufacturing and distributing high-end jewelry and apparel, including those which incorporate marks protected by U.S. trademark registration and original designs protected by U.S. copyright registration. One such piece of Good Art jewelry is the Model 10 bracelet shown below:



8. Plaintiff Josh Warner owns U.S. Trademark Registration No. 3,487,040, issued August 19, 2008 by the U.S. Patent and Trademark Office, for the standard character mark GOOD

ART HLYWD for "jewelry." Affidavits have been filed pursuant to Sections 8 and 15 of the Lanham Act, 15 U.S.C. §§ 1058 and 1065, and this registration is incontestable. A copy of the Trademark Registration Certificate is attached as **Exhibit A**.

9. Plaintiff Josh Warner owns U.S. Copyright Registration No. VA0001924617, issued August 11, 2014 by the U.S. Copyright Office, for his original rosette work embodied by the clasp of the Model 10 bracelet (the "Rosette design"). A copy of the Copyright Registration Certificate is attached as **Exhibit B**.

10. Plaintiff's initials "JW" and the design identifier "No. 10" are prominently displayed on the clasp of the Model 10 bracelet, which conveys information regarding the title, ownership and/or authorship of the Rosette design.

11. Over the course of almost three decades, Good Art has built a valuable reputation for high-end jewelry and craftsmanship. As a result of long, continuous, exclusive, prominent, and successful use in connection with jewelry, the indicators GOOD ART by itself and JW have both come to be recognized as designations of origin for Good Art's jewelry which communicate the high-quality and authenticity thereof to consumers of jewelry. Accordingly, Good Art has built up valuable goodwill in the registered GOOD ART HLYWD mark and the unregistered GOOD ART and JW marks (collectively the "Good Art Marks").

12. The Good Art Marks are distinctive and valid trademarks.

13. Plaintiff Josh Warner is the sole owner of all rights, title and interest in and to the Good Art Marks and the Model 10 bracelet design including the Rosette design, and has authorized Good Art Hlywd, Inc. to use same in the course of business.

## DEFENDANTS' UNLAWFUL ACTIVITIES

14. Upon information and belief, Defendants have been in the retail jewelry business for over 20 years and sell jewelry from all over the world. Defendants operate the Gold Door retail store located at 1434 SE 37th Avenue, Portland, Oregon 97214. Defendant Shover travels to search for and buy inventory to be sold at a profit at the Gold Door store in Portland.

15. Upon information and belief, Defendants obtained at least two counterfeit Model 10 bracelets at the Tucson Gem and Mineral Show in Tucson, Arizona held from approximately January 30, 2019 to February 5, 2019.

16. Upon information and belief, Defendants sold one of these counterfeit Model 10 bracelets (the "Counterfeit Bracelet") for $265.00 to a customer, Holly Shev, on or about July 13, 2019 at the Gold Door retail store located at 1434 SE 37th Avenue, Portland, Oregon 97214. A sworn statement given by Ms. Shev on August 6, 2019 is attached hereto as **Exhibit C**.

17. According to Ms. Shev, Ms. Shev had previously purchased pieces of Good Art jewelry over the years, and recognized the jewelry style of the Counterfeit Bracelet as being similar to Good Art jewelry and the stampings on the Counterfeit Bracelet as being hallmark of Good Art jewelry.

18. According to Ms. Shev, one of Defendants' employees told her the Counterfeit Bracelet was a designer brand that the Gold Door store was carrying, and another employee told her that the Gold Door store would be carrying Good Art jewelry and was expecting a pick box.

19. According to Ms. Shev, after purchasing and wearing the Counterfeit Bracelet, Ms. Shev noticed that the quality of the Counterfeit Bracelet was not what she remembered from Good Art jewelry. Upon investigation, Ms. Shev saw that the Model 10 bracelet was being retailed between $1,300 and $1,500. Ms. Shev subsequently brought the Counterfeit Bracelet to another

jeweler familiar with Good Art jewelry who confirmed that the Counterfeit Bracelet was indeed a fake.

20.   Ms. Shev sent the Counterfeit Bracelet to Good Art, which Good Art replaced with a genuine bracelet.  Comparative images of the Counterfeit Bracelet (labeled "FAKE") and a genuine Model 10 bracelet (labeled "OURS") are provided below:













21. As shown by these images, the Counterfeit Bracelet bears Plaintiff Josh Warner's federally-registered GOOD ART HLYWD mark in practically indistinguishable position, size, font and style as the genuine Model 10 bracelet.

Page 7 –   COMPLAINT
           CASE NO. 3:20-CV-00476

22. As shown by these images, the Counterfeit Bracelet bears the "No. 10" indicator in practically indistinguishable position, size, font and style as the genuine Model 10 bracelet.

23. As shown by these images, the Counterfeit Bracelet comprises a substantially identical reproduction of the genuine Model 10 bracelet including Plaintiff Josh Warner's Rosette design.

24. As shown by these images, the Counterfeit Bracelet omits the initials JW, which is prominently displayed on the genuine Model 10 bracelet adjacent the Rosette design.

25. Upon information and belief, Defendants knew of Plaintiffs, Good Art jewelry, the goodwill and reputation associated with the Good Art brand and Good Art "designer" jewelry, and the Model 10 bracelet and the hallmark markings thereon, prior to Defendants' procurement of the Counterfeit Bracelet, and/or at least prior to Defendants' solicitation and sale of the Counterfeit Bracelet to Ms. Shev.

26. Upon information and belief, Defendants knew the Counterfeit Bracelet was not genuine prior to soliciting and selling the "designer" piece to Ms. Shev for only $265.00.

27. Upon information and belief, Defendants knew the Counterfeit Bracelet was not a genuine "designer" piece due to the poor quality of the piece given their long and extensive experience in the jewelry trade.

28. Defendants' conduct was willful, intentional, and represents a conscious disregard for Plaintiff's trademark rights and copyrights, as well as a calculated decision to financially benefit from the sale of counterfeit goods, at the expense of jewelry consumers and Good Art.

29. Defendants' conduct is likely to cause and, upon information and belief, has caused consumers to believe mistakenly that the Counterfeit Bracelet is either affiliated with,

manufactured, endorsed or authorized by, or somehow connected to Good Art, or that the Counterfeit Bracelet offered and sold is a genuine Good Art product.

30. Defendants' conduct complained of herein has and will continue to irreparably harm Plaintiff. Defendants' conduct makes this an exceptional case.

## COUNT I

### (TRADEMARK COUNTERFEITING UNDER 15 U.S.C. § 1114)

31. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

32. Defendants have used in connection with the Counterfeit Bracelet a spurious designation that is identical with, or substantially indistinguishable from, Plaintiff Josh Warner's federally- registered GOOD ART HLYWD trademark. Defendants have used this spurious designation in commerce in connection with the offering for sale, sale and/or distribution of the Counterfeit Bracelet, which itself is a spurious replication of the Model 10 bracelet, for their own financial gain in a manner that is likely to cause confusion, to cause mistake and/or to deceive.

33. Plaintiff Josh Warner has not and had not authorized Defendants' use of the registered GOOD ART HLYWD mark to advertise, offer for sale, sell and/or distribute the Counterfeit Bracelet.

34. At all relevant times, Defendants knew of the registered GOOD ART HLYWD mark owned by Plaintiff Josh Warner. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with the registered GOOD ART HLYWD mark, to Plaintiffs' great and irreparable harm.

35. Defendants' acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

36. Defendants' acts have caused, and will continue to cause, irreparable injury to the public, trade and Plaintiffs, and Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

## COUNT II

### (TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §§ 1114 and 1125)

37. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

38. Defendants' use of a confusingly similar imitation of Plaintiff Josh Warner's registered GOOD ART HLYWD mark on the Counterfeit Bracelet, as well as Defendants' false and misleading representations of fact to customers regarding same, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' Counterfeit Bracelet is made by, or is affiliated, associated or connected with, or has the sponsorship, endorsement or approval of Good Art.

39. Defendants' use of a confusingly similar imitation of Plaintiff Josh Warner's unregistered GOOD ART mark on the Counterfeit Bracelet, as well as Defendants' false and misleading representations of fact to customers regarding same, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' Counterfeit Bracelet is made by, or is affiliated, associated or connected with, or has the sponsorship, endorsement or approval of Good Art.

40. At all relevant times, Defendants knew of the GOOD ART HLYWD and GOOD ART marks owned by Plaintiff Josh Warner. Defendants' actions demonstrate an intentional,

willful, and malicious intent to trade on the goodwill associated with the marks, to Plaintiffs' great and irreparable harm.

41. Defendants' unauthorized use of the registered GOOD ART HLYWD mark in connection with jewelry violates Section 32 of the Lanham Act, 15 U.S.C. § 1114.

42. Defendants' unauthorized use of the unregistered GOOD ART mark in connection with jewelry violates Section 43 of the Lanham Act, 15 U.S.C. § 1125(a).

43. Defendants' acts have caused, and will continue to cause, a likelihood of confusion and deception of members of the trade and public, and additionally, injury to Good Art's goodwill and reputation as symbolized by the GOOD ART HLYWD and GOOD ART marks, for which Plaintiffs have no adequate remedy at law.

44. Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

## COUNT III

### (FEDERAL UNFAIR COMPETITION UNDER 15 U.S.C. § 1125)

45. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

46. Defendants' use of a confusingly similar imitation of Plaintiff Josh Warner's GOOD ART HLYWD and GOOD ART marks on the Counterfeit Bracelet, as well as Defendants' false and misleading representations of fact to customers regarding same, is likely to cause confusion, deception, and mistake by creating the false and misleading impression that Defendants' Counterfeit Bracelet is made by, or is affiliated, associated or connected with, or has the sponsorship, endorsement or approval of Good Art.

47. Defendants have made false representations, false descriptions, and false designations of, on, or in connection with the Counterfeit Bracelet in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

48. Defendants' actions demonstrate an intentional, willful, and malicious intent to trade on the goodwill associated with Plaintiff's marks, to Plaintiffs' great and irreparable harm.

49. Defendants' acts have caused, and will continue to cause, irreparable injury to the public, trade and Plaintiffs.

50. Plaintiffs are entitled to injunctive relief and to recover Defendants' profits, actual damages, enhanced profits and damages, costs, and reasonable attorneys' fees.

## COUNT IV

### (COPYRIGHT INFRINGEMENT UNDER 17 U.S.C. § 501)

51. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

52. Defendants have sold and distributed at least one unauthorized copy and/or essentially identical derivative of Good Art's original Model 10 bracelet design incorporating the copyrighted Rosette design for financial gain.

53. Given Defendants' obvious knowledge of and/or willful blindness concerning the spurious origin of the Counterfeit Bracelet as a cheap fake of the Model 10 bracelet incorporating the Rosette design, Defendants' acts constitute willful infringement of Josh Warner's registered copyright in brazen violation of 17 U.S.C. §§ 106 and 501(a).

54. By reason of Defendants' acts, Plaintiff has sustained substantial and irreparable injury, loss and damage, for which no adequate remedy at law lies.

55. Plaintiff is entitled to injunctive relief and to recover Defendants' profits and actual damages, or statutory damages if Plaintiffs so elect before entry of judgment, as well as costs and reasonable attorneys' fees.

## COUNT V

### (DMCA VIOLATIONS UNDER 17 U.S.C. § 1202)

56. Plaintiffs repeat, reallege, and incorporate by reference each and every allegation in the preceding paragraphs as though fully set forth herein.

57. The designation "No. 10" on clasp of the Model 10 bracelet adjacent the Rosette design is copyright management information (CMI) conveyed in connection with Plaintiff Josh Warner's work as to title and/or other identifying information within the meaning of 17 U.S.C. § 1202(c)(1).

58. Knowing the Counterfeit Bracelet was a fake of the genuine Model 10 bracelet, Defendants knowingly provided and/or distributed false CMI in the form of the designation "No. 10" in selling the Counterfeit Bracelet, with the intent to induce, enable, facilitate or conceal infringement as to the infringing nature of the Counterfeit Bracelet, in violation of 17 U.S.C. § 1202(a).

59. The designation "JW" on the clasp of the authentic Model 10 bracelet adjacent the Rosette design is CMI conveyed in connection with Plaintiff Josh Warner's work as to authorship and/or ownership within the meaning of 17 U.S.C. §§ 1202(c)(2) and (c)(3).

60. Knowing the Counterfeit Bracelet was an unauthorized copy of the Model 10 bracelet, Defendants distributed the Counterfeit Bracelet knowing that the CMI designation "JW" had been removed and/or omitted from the clasp of the Counterfeit Bracelet, with knowledge or

reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement in violation 17 U.S.C. § 1202(b).

61. Knowing the Counterfeit Bracelet was an unauthorized copy of the Model 10 bracelet, Defendants distributed the Counterfeit Bracelet knowing that the CMI designation "JW" had added to a link of the Counterfeit Bracelet, with knowledge or reasonable grounds to know that it would induce, enable, facilitate, or conceal infringement in violation 17 U.S.C. § 1202(a).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray for this Court's judgment that:

A. Defendants have committed counterfeiting with respect to the registered GOOD ART HLYWD trademark.

B. Defendants have infringed the registered GOOD ART HLYWD and unregistered GOOD ART trademarks.

C. Defendants' acts constitute unfair competition in making false and/or misleading designations, descriptions, and representations as to the origin of the Counterfeit Bracelet.

D. Defendants have infringed the registered copyright in Plaintiff Josh Warner's Rosette design.

E. Defendants have committed CMI violations.

F. Defendants conduct in all the above aspects was willful.

G. To the maximum extent allowed, Defendants must account for and pay all profits derived by Defendants as a result of the acts of Defendants complained of herein, and/or all damages Plaintiff has suffered or sustained as a result of the acts of Defendants complained of herein, including at enhanced, punitive and/or trebled amounts, as authorized or mandated by statute.

  H. If Plaintiffs so alternatively elect before final judgment is rendered, then to the maximum extent allowed, Defendants must pay statutory damages for trademark counterfeiting up to $2,000,000, for copyright infringement up to $150,000, and/or for CMI violations up to $25,000 per violation.

  I. Defendants must pay Plaintiffs' costs and reasonable attorneys' fees, as well as any pre-judgment and post-judgment interest on all amounts of any judgment, to the maximum extent authorized or mandated by statute.

  J. Any other and further relief be ordered as this Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiffs Josh Warner and Good Art Hlywd, Inc. hereby demand a jury trial on all issues triable of right by jury.

DATED: March 23, 2020.

        Respectfully submitted,

        KOLITCH ROMANO LLP

        By s/ Thomas J. Romano
          Thomas J. Romano, OSB No. 053661
          Email: tj@kolitchromano.com
          520 SW Yamhill Street, Suite 200
          Portland, Oregon 97204
          Telephone: (503) 994-1650

          *Attorney for Plaintiffs*
          *Josh Warner and Good Art Hlywd, Inc.*